IN THE UNITED STATES DISTRICT COURT ———— FILED ———— ENTERED
FOR THE DISTRICT OF MARYLAND ———— LODGED ———— RECEIVED

APR  5 2000

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

| | | |
|---|---|---|
| DAMON EMANUEL ELLIOTT | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil No. PJM 99-2648 |
| | * | (Criminal No. PJM 97-0053) |
| UNITED STATES OF AMERICA | * | |
| | * | |

## MEMORANDUM OPINION

Damon Emanuel Elliott has filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 based on claims of untimely arraignment and ineffective assistance of counsel. No evidentiary hearing is needed to dispose of the Motion. Local Rule 105.6 (D. Md. 1999). Having considered Elliott's Motion and the Government's Opposition, the Court will DENY the Motion.

I.

Elliott was convicted of attempted aggravated sexual abuse in violation of 18 U.S.C. § 2241 and sentenced to 189 months incarceration. He was originally indicted on February 24, 1997, on one count of forcibly causing another person to engage in a sexual act in violation of 18 U.S.C. § 2241 (Count I), and was arraigned on that charge March 6, 1997. On March 31, 1997, the grand jury returned a Superseding Indictment which added two counts: (1) attempting to forcibly cause another person to engage in a sexual act in violation of 18 U.S.C. § 2241 (Count II) and (2) knowingly engaging in sexual conduct with another person by the use of force in violation of 18

1



U.S.C. § 2241(a)(1) (Count III).  After two continuances, trial was set for August 26, 1997.

Elliott was arraigned on charges contained the Second Superseding Indictment on August 26, 1997, the day trial commenced and after a five day trial, the jury found him guilty as to Count II but acquitted him of Counts I and III.  The Fourth Circuit affirmed the judgment on August 27, 1998.

Pursuant to 28 U.S.C. § 2255, Elliott has filed a Motion to Vacate, Set Aside, or Correct his sentence.  He argues that his conviction should be vacated and a new trial granted because (1) the Government failed to arraign him on the Superseding Indictment in timely fashion and (2) his trial counsel was ineffective in failing to request a continuance when presented with the Superseding Indictment the day before trial.

## II.

Rule 10 of the Federal Rules of Criminal Procedure provides for the formal arraignment of a criminal defendant so that he may be informed of the substance of the charges against him and given an opportunity to plead to them. Fed. R. Crim. P. 10.  It does not provide a time limit in which arraignment must occur. *See id.*  Indeed, even failure to arraign is not a basis for vacating a conviction unless the petitioner can show possible prejudice. *See Garland v. Washington*, 232 U.S. 642 (1914); *United States v. Williams*, 132 F. 3d 294, 299 (4th Cir. 1998).

Although Elliott contends that the Government's failure to arraign him in a timely fashion on Counts II and III of the Superseding Indictment adversely affected his ability to adequately prepare and defend against those charges, the record does not support this claim.  In the first place, he was acquitted of Count III (knowingly engaging in sexual conduct with another person

2

by the use of force) so that any question of prejudice as to that Count is moot.

Although convicted on Count II (attempting to forcibly cause another person to engage in a sexual act), this Count merely charged an attempt to commit the same offense contained in Count I (forcibly causing another person to engage in a sexual act), which was the sole count in the original indictment. A jury may always find a defendant guilty of an attempt to commit the offense charged. *See* Fed. R. Crim. P. 31(c). Indeed, defense counsel acknowledged at the time of rearraignment that "since [Count II]'s simply including a lesser included offense, and the third charge is a derivative of the same operation of facts. . . I cannot complain for lack of notice."

The Court finds no possible prejudice arising out of the rearraignment.[1]

### III.

To vacate a conviction based on ineffective assistance of counsel, the petitioner must show (1) that the attorney's performance was deficient and (2) that the deficient performance prejudiced the defense in a manner that deprived the petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 669 (1984). In assessing whether an attorney's performance is deficient, a court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Even if counsel's performance is deemed deficient, a petitioner may prevail only if there is also a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694; *Roach v. Martin,* 757 F.2d 1463, 1476-77 (4th Cir. 1985).

---

[1] This identical claim was raised by Elliott on direct appeal and rejected by the Court of Appeals. *See United States v. Elliott*, 153 F.3d 723 (4th Cir. 1998) (unpublished disposition).

3

Despite his speculation that defense counsel's failure to seek a continuance resulted in an improper conviction, Elliott fails to establish either prong of *Strickland*. Particularly in light of counsel's statement that he had no basis for challenging the Superseding Indictment "since it [did] not alter the nature of my defense," not requesting a continuance was within the wide range of reasonable professional assistance allowed by *Strickland*. The likelihood of securing a continuance was nil to begin with. Since the Superseding Indictment did no more than present two lesser included offenses and the trial had been continued twice already, the Court can state categorically that it would not have acceded to a request for continuance even if sought. Finally, assuming that his attorney's actions were errors, Elliott has failed to establish that the reasonable probability that the outcome of his case would have been different but for those mistakes.

Accordingly, the Court will DENY Petitioner Elliott's Motion to Vacate, Set Aside, or Correct his Sentence.

A separate Order implementing this Memorandum Opinion will be entered.

April 4, 2000

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

4