UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,

    Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Civil Action No. 06-1244 (JDB)

## ORDER

Defendant filed a motion for summary judgment [#10] on September 13, 2006. On September 14, 2006, the Court issued an Order [#12] advising plaintiff of his obligation to file an opposition to that motion. In addition, the Court set October 16, 2006 as the deadline for plaintiff's opposition, and warned plaintiff that, if he failed to file his opposition timely, the Court would grant the motion as conceded. Plaintiff neither filed an opposition by the deadline nor requested more time to file an opposition. On November 2, 2006, the Court issued an Order [#13] granting defendant's motion as conceded.

On November 9, 2005, plaintiff filed a motion to reconsider [#14]. Plaintiff explained that he received the Court's November 2, 2006 Order on November 6, 2006, and that he "is currently in S.H.U." and is without "his personal legal papers[] to respond by that date." Pl.'s Mot. at 1. Plaintiff did not specify the date to which he referred, when he entered the segregated housing unit, whether or when he received the Court's September 14, 2006 Order, and the connection between his placement in the segregated housing unit and his ability to respond to defendant's motion by October 16, 2006. Without such information, the Court could not

determine whether plaintiff was entitled to the relief he sought.

On November 20, 2006, plaintiff filed a "Notice of Electronic Filing" [Dkt. #15]. Plaintiff stated that he received notice of the Court's Order directing defendant to file its dispositive motion by September 13, 2006, and that he "never receive[d] any Documents directing him to file an opposition or other response to Defendant's motion by October 16, 2006." Pl.'s Notice at 1.

Having considered plaintiff's submissions, the Court will vacate the November 2, 2006 Order and will allow plaintiff a second opportunity to file an opposition or other response to defendant's summary judgment motion. Plaintiff is advised that, on a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). Rule 56(e) further provides that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, a party, such as plaintiff, who is adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient. If plaintiff fails to respond by the filing deadline specified below, the Court may treat the motion as conceded and may enter summary judgment in defendant's favor.

Accordingly, it is hereby

ORDERED that the Court's November 2, 2006 Order [#13] is VACATED, and that this civil action shall be reopened. It is further

ORDERED that, for good cause shown, plaintiff's motion to reconsider [#14] is GRANTED. It is further

ORDERED that plaintiff shall file his opposition or other response to defendant's motion for summary judgment on or before **January 2, 2007**. If plaintiff fails to respond by this date, the Court may treat the motion as conceded and may enter summary judgment in defendant's favor.

SO ORDERED.

/s/
JOHN D. BATES
United States District Judge

Date: November 29, 2006