UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,
    Plaintiff,

v.            Civil Action No. 06-1244 (JDB)

FEDERAL BUREAU OF INVESTIGATION,
    Defendant.

## OPPOSITION MOTION

The F.B.I. did not notify plaintiff of the assertion of Exemption (b)(6) in its release of August 13, 2001, and July 23, 2003.

The F.B.I. applied Exemption (b)(7)(C) and (b)(2) to withhold and protect the names and telephone numbers of United States Park Police employees, a sexual assault victim, and the names and telephone numbers of three F.B.I. laboratory

RECEIVED
JAN 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

professional support personnel responsible for conducting or reviewing the testing and analysis reported in these documents concerning plaintiff.

Here, the sole purpose of Plaintiff lawsuit is his right to be informed with the results, and his right to examine the testing and analysis conducted by F.B.I. personnel.

## ARGUMENT

The names and telephone numbers shall be deleted from the withheld documents and disclose just as it was done with the rest of the F.B.I. File 95A-HQ-1214942.*

Plaintiff assert that the exemptions did not apply because the names had already been made public at his trial 97-053 (P.J.M.). In any event, Plaintiff does not dispute the telephone numbers and names being a confidential source.

This F.O.I.A. suit challenges the

---

*See page 4.

2.

denial by the Defendant for not deleting the names and telephone numbers from the documents and withholding them. See Page 4.

One of agency decision was claimed to be based on section (b)(2) of the F.O.I.A. In Jordan v. United States Department of Justice, 591 F.2d 753 (D.C. Cir. 1978) this Court held that the phrase "personnel rules and practices" in Exemption 2 refer only to "pay, pensions, vacations, hours of work, lunch hours, and parking." See Administrative Law §64 and S. Rep No. 813, p.8, 89 Cong., 1st Sess (10-4-1965).

## CONCLUSION

Plaintiff request the Court to Order the Defendant to delete the names and telephone numbers from the withheld documents and disclose them, and if he prevail in his action, he is thus entitle to fees that are provided for in 41 C.F.R. § 105-60 303(e), and F.O.I.A. 5 USC § 552 (a)(4)(E).

The F.O.I.A. requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably interwined with exempt portions." 5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977). The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a F.O.I.A. action has "an affirmative duty to consider the segregability issue sua sponte." Tran-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999)

4.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of December, 2006, a copy of the foregoing Motion have been served by first class United States mail, postage prepaid to:

RHONDA C. FIELDS
ASSISTANT U.S. ATTORNEY
555 4TH ST., N.W.
WASHINGTON, D.C. 20530


DAMON ELLIOTT 31034-037
F.C.C. U.S.P.
P.O. BOX 1034
COLEMAN, FL. 33521