UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAMON ELLIOTT ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v ) | |
| ) | Civil No. 06-1244 (JDB) |
| FEDERAL BUREAU OF INVESTIGATION ) | |
| ) | |
| Defendant. ) | |
| ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff asserts that FOIA exemptions do not apply to the names of third parties which have been redacted from the documents submitted to him because the names already had been made public at his trial. However, the privacy interests of third parties mentioned in law enforcement files are "substantial." SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991). Exemption 7(C) protects the privacy of any persons mentioned in investigative files, including investigators. Jones v. FBI, 41 F.3d 238, 246-57 (6th Cir. 1994); Halloran v. Veterans Administration, 874 F.2d 315, 321 (5th Cir. 1989); Kiraly v. F.B.I., 728 F.2d 273, 277 (6th Cir. 1984); Branch v. F.B.I., 658 F. Supp. 204, 209 (D.D.C. 1987).

That a person's identity is revealed in other contexts does not vitiate the person's privacy interest; instead, the law to the contrary is clear: disclosure to a limited group in a particular context–even a public trial–does not amount to a waiver of privacy rights vis a vis the public at large. Jones v. F.B.I., 41 F.3d 238, 247 (6th Cir.1994) (fact that law enforcement employee chose to testify or was required to testify or otherwise come forward in other settings does not

amount to waiver of personal privacy); Fitzgibbon v. CIA, 911 F.2d 755, 768 (D.C. Cir. 1990); Weisberg v. DOJ, 745 F.2d 1476, 1491 (D.C. Cir. 1984); Shores v. FBI, 185 F. Supp.2d 77, 83 (D.D.C. 2002) (privacy interests not diminished by fact that plaintiff may deduce identities through other means or because already disclosed). Thus, the fact that the identities of law enforcement officers and of the juvenile victim may have been revealed to plaintiff during his criminal prosecution, does not eliminate their privacy interests. See also Reporters Comm. for Freedom of the Press, 489 U.S. at 763-64 ("information may be classified as 'private' if it is 'intended for or restricted to the use of a particular person or group or class of persons'") (quoting Webster's Third New Int'l Dictionary 1804 (1976)).[1]

Plaintiff has not shown any public interest warranting the disclosure of third party names. SafeCard Servs., 926 F.2d at 1205-06. Whether or not the name of a particular witness or individual law enforcement officer contained in an investigative file is revealed does not add any information to further the "'the citizens' right to be informed about what their government is up to,'" Davis v. U.S. Dept. of Justice, 968 F.2d 1276, 1282 (D.C.Cir.1992) (quoting Reporters Committee, 489 U.S. at 773).

Finally, plaintiff asks the Court to order the defendant to do what it already has done, i.e. "delete the names and telephone numbers from the withheld documents and disclose them." The eight pages previously withheld as duplicates were provided to plaintiff with defendant's summary judgment motion. Hardy Dec. at p. 2 fn. 1. The declaration of Mr. Hardy reflects that only names and telephone numbers were redacted from the responsive documents. Thus, the FBI

---

[1] See also id. at n.16 (privacy is claim of individuals to determine for themselves when, how and to what extent information about them is communicated to others).

appropriately segregated exempt material from non-exempt material under FOIA.

Therefore, defendant's motion for summary judgment should be granted.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 16th day of January, 2007, a copy of the foregoing Reply has been served by first class United States mail, postage prepaid, to:

Damon Elliott
#31034-037
F.C.C. USP-2
POBox 1034
Coleman, Florida 33521

                                                                                   _____
                                                                                    Rhonda C. Fields
                                                                                    Assistant United States Attorney