UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,

    Plaintiff,

       v.

FEDERAL BUREAU OF
INVESTIGATION,

    Defendant.

Civil Action No. 06-1244 (JDB)

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion for summary judgment. The Court has reviewed the motion, plaintiff's opposition, and the record of this case, and will grant summary judgment for defendant.

I. BACKGROUND

*A. FOIPA Number 0944088*

In May 2001, plaintiff submitted a request for information to the Washington, D.C. Headquarters of the Federal Bureau of Investigation ("FBIHQ") under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552. Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Def.'s Mot."), Declaration of David M. Hardy ("Hardy Decl.") ¶ 5 & Exhibit ("Ex.") A (May 17, 2001 request). Plaintiff sought a copy of all papers pertaining to the following: (1) F.B.I. File No. 95A-HQ-1214942, (2) Lab No.

70521022 S GX F1FY HJ, and (3) Criminal No. 90-0244.[1]  *Id.*  FBIHQ staff reviewed 124 pages of records (including a cover page) and released 116 pages in part after having redacted certain information under Exemption 7(C).[2]  *Id.* ¶ 7 & Ex. C (August 31, 2001 letter from J.M. Kelso, Jr., Section Chief, Freedom of Information-Privacy Acts Section, Office of Public and Congressional Affairs, FBIHQ).  FBIHQ's decision was affirmed on administrative appeal.  *Id.* ¶¶ 8-11 & Ex. G (July 9, 2002 letter from R.L. Huff, Co-Director, Office of Information and Privacy, United States Department of Justice, regarding Appeal No. 01-3638).

### B.  Request Number GR 02-128

In February 2001, plaintiff requested from the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice, all information in its records about himself and any exhibits in his criminal case, No. PJM 97-053, prosecuted in the United States District Court for the District of Maryland.  Hardy Decl. ¶ 12 & Ex. H (February 8, 2001 FOIA request and attachment).  The EOUSA's search for responsive records located six pages that had originated with the FBI, and staff forwarded these pages to FBIHQ for processing.  *Id.* ¶ 13 & Ex. I (December 3, 2002 letter from M.A. O'Rourke, Assistant Director, Freedom of Information/Privacy Act Unit, EOUSA).  FBIHQ released these six pages in part after having redacted certain information under Exemptions 2 and 7(C).  *Id.* ¶ 14 & Ex. J (July 23, 2003 letter from D.H. Hardy, Section Chief, Record/Information Dissemination Section, Records

---

[1] Lab No. 70521022 S GX FY appears on several documents included in F.B.I. File No. 95A-HQ-1214942.  *See* Hardy Decl., Ex. K.  It is unclear to what Criminal No. 90-0244 refers.

[2] FBIHQ withheld eight pages which were duplicates of other pages released to plaintiff.  Hardy Decl. at 2 n.1 & Ex. K.

Management Division).

In this action, plaintiff demands that the FBI "disclose a copy of the complete file to <u>95A HQ 1214942, F.O.I.A. No. 0944088-000</u>" and "disclose the complete file to <u>Request No.: GR 02 128</u>." Compl. at 2 (emphasis in original) (page numbers designated by the Court).

## II.  DISCUSSION

### *A.  Summary Judgment Standard*

The Court grants a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits or documentary evidence to the contrary.  *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).[3]  Such affidavits or declarations are

---

[3] In support of its motion, defendant submits the declaration of David M. Hardy, Section Chief of the Record/Information Dissemination Section, Records Management Division,
(continued...)

accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B. Adequacy of Search

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998) (FOIA requires agency to conduct search using methods reasonably expected to produce requested information). The agency bears the burden of showing that its search was calculated to uncover all relevant documents. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id.* at 127. If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt*, 897 F.2d at 542.

The FBI's Central Records System ("CRS") includes records of "administrative,

---

³(...continued)
of FBIHQ. Hardy Decl. ¶ 1. In this capacity, Mr. Hardy is familiar with the FBI's procedures in responding to requests for information under FOIA generally, and knows of the agency's treatment of plaintiff's request for FBI file number 95A-HQ-1214942. ¶ 3.

applicant, criminal, personnel, and other files compiled for law enforcement purposes." Hardy Decl. ¶ 15.  FBIHQ staff access information in the CRS using alphabetically ordered general indices "on various subjects, including the names of individuals and organizations." *Id.* ¶ 16. Only information deemed "pertinent, relevant or essential" is indexed for future retrieval.  *Id.* Using the file number plaintiff provided in his FOIA request, FBIHQ staff searched CRS and located one file consisting of 123 pages.  *Id.* ¶ 19.

Plaintiff does not challenge the adequacy of the FBIHQ's search for responsive records. Having reviewed the FBIHQ's declaration, the Court concludes that the agency's search for responsive records was adequate and reasonable under the circumstances.

### C. *Exemptions*

The FBIHQ also bears the burden of justifying its decision to withhold records or portions of records.  *See* 5 U.S.C. § 552(a)(4)(B).  Its declarant must describe the records withheld, and show that the records fall within the claimed exemption or exemptions.  *Canning v. United States Dep't of Justice*, 848 F. Supp. 1037, 1043 (D.D.C. 1994).  Defendant accomplished this task by submitting a declaration and copies of the redacted and released pages themselves.  *See* Hardy Decl. & Ex. K.  With these submissions, the Court can "derive . . . a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure."  *Manna v. United States Dep't of Justice*, 832 F. Supp. 866, 873 (D.N.J. 1993) (internal quotation marks and citation omitted).

### 1.  Exemption 2

Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2).  Information is exempt under Exemption 2 if it

meets two criteria.  First, the information must be "used for predominantly internal purposes." *Crooker v. Bureau of Alcohol, Tobacco and Firearms*, 670 F.2d 1051, 1074 (D.C. Cir. 1981) (en banc); *see Nat'l Treasury Employees Union v. United States Customs Serv.*, 802 F.2d 525, 528 (D.C. Cir. 1985).  If this "predominant internality" test is met, information may be withheld if the agency shows either that "disclosure may risk circumvention of agency regulation," or that "the material relates to trivial administrative matters of no genuine public interest." *Schwaner v. Dep't of the Air Force*, 898 F.2d 793, 794 (D.C. Cir. 1990) (citations omitted).  "Predominantly internal documents the disclosure of which would risk circumvention of agency statutes are protected by the so-called 'high 2' exemption," and "predominantly internal documents that deal with trivial administrative matters fall under the 'low 2' exemption." *Schiller v. Nat'l Labor Relations Bd.*, 964 F.2d 1205, 1207 (D.C. Cir. 1992).

The FBIHQ withholds "three duty telephone numbers of FBI laboratory support personnel" under Exemption 2 as "low 2" exempt information.  Hardy Decl. ¶ 27.  According to the declarant, these telephone numbers "relate to the internal practices of the FBI in that this tool is routinely used by FBI laboratory personnel during the performance of their jobs." *Id.*

Plaintiff argues that the telephone numbers do not fall within the scope of Exemption 2 because the exemption covers only personnel rules and practices, such as those related to pay, work hours, and pensions.  Opposition Motion ("Pl.'s Opp'n") at 3.  The District of Columbia Circuit has rejected this narrow reading of the statutory language. *See Crooker*, 670 F.2d at 1073; *Long v. United States Dep't of Justice*, 450 F. Supp. 2d 42, 57 (D.D.C. 2006).  The phrase "personnel rules and practices" encompasses not only "minor employment matters" but also "other rules and practices governing agency personnel." *Crooker*, 670 F.2d at 1056.  "Low 2"

exempt materials include such items as "file numbers, initials, signature and mail routing stamps, references to interagency transfers, and data processing references," *Scherer v. Kelley*, 584 F.2d 170, 175-76 (7th Cir.1978), *cert. denied sub nom. Scherer v. Webster*, 440 U.S. 964 (1979), and other "trivial administrative data such as . . . data processing notations[] and other administrative markings." *Coleman v. Fed. Bureau of Investigation*, 13 F. Supp. 2d 75, 78 (D.D.C. 1998) (citation omitted).

Defendant establishes that the telephone numbers "meet[] the test of 'predominant internality,'" *Crooker*, 670 F.2d at 1074, in that the numbers are for routine internal use. Release of the telephone numbers furthers no genuine public interest. FBIHQ's decision to withhold these three telephone numbers under Exemption 2 is proper.

2.   Exemptions 6 and 7(C)

Defendant cites Exemption 6 in conjunction with Exemption 7(C) to protect the names of FBI laboratory personnel, the juvenile victim of a sexual assault, and the names of United States Park Police employees. *See* Hardy Decl. ¶¶ 30-32, 37-39. Both exemptions are designed to protect personal privacy interests of individuals named or identified in government records. Although the language of these exemptions is similar, the protection offered differs in scope. *See Beck v. Dep't of Justice*, 997 F.2d 1489, 1492 (D.C. Cir. 1993) ("Exemptions 6 and 7(C), though similar, are not coextensive."). Generally, the language of Exemption 7(C) is more broad than that of Exemption 6, and allows an agency to withhold categorically certain information if it is contained in law enforcement records and if its disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. *See* 5 U.S.C. § 552 (b)(7)(C); *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 756 (1989);

*see also Stern v. Fed. Bureau of Investigation*, 737 F.2d 84, 91 (D.C. Cir. 1984) (greater emphasis on protecting personal privacy under Exemption 7(C) than under Exemption 6). For the reasons discussed below, the Court concludes that the information properly is withheld under Exemption 7(C) and hence need not determine whether that same information is protected under Exemption 6. *See Simon v. Dep't of Justice*, 980 F.2d 782, 785 (D.C. Cir. 1994).

Information contained in law enforcement records which identifies third parties is "categorically exempt" from disclosure under Exemption 7(C) in the absence of an overriding public interest in its disclosure. *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995); accord *Mays v. Drug Enforcement Admin.*, 234 F.3d 1324, 1327 (D.C. Cir. 2000). The Court must balance the privacy interest of individuals mentioned in the records against the public interest in disclosure. *Beck v. Dep't of Justice*, 997 F.2d at 1491. "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. at 773). A requester "must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake [and that] . . . the information is likely to advance that interest." *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).

a. Law Enforcement Records

The declarant explained that plaintiff had been "identified [] as a suspect in the sexual assault of a minor at the Agricultural Research Center, Beltsville, Maryland." Hardy Decl. ¶ 25. The United States Park Police "requested the FBI Laboratory Division to conduct forensic

examination of evidence collected at the scene of a sexual assault." *Id.* ¶ 34.  The FBIHQ records at issue "deal[t] with the examination of evidence related to the criminal offense of sexual assault" and "were generated by FBI employees responding to a request from a law enforcement agency to assist with investigation of a federal offense." *Id.*  The six pages of records referred by the EOUSA to the FBIHQ pertain to this same forensic examination of evidence.  *Id.* ¶ 25.  The FBIHQ thus has established that all the records at issue were compiled for law enforcement purposes and thus fall within the scope of Exemption 7.

b.  Names of FBI and Park Police Support Personnel

The FBIHQ withholds the following information under Exemption 7(C): (1) the "names of FBI laboratory professional support personnel responsible for conducting or reviewing the testing and analysis reported in these documents," Hardy Decl. ¶ 37, and (2) the "names of four United States Park Police employees as well as the telephone numbers of two of these employees."  *Id.* ¶ 39.  With respect to the FBI laboratory staff, these persons are assigned to particular examinations not of their choosing, and any "publicity regarding their involvement in a particular investigation could subject them to harassing inquiries for unauthorized access to information."  *Id.* ¶ 37.  The Park Police employees were "acting in their official capacity when they requested FBI assistance," *id.* ¶ 39, and also might be subjected to "unnecessary, unwarranted harassment which could constitute an unwarranted invasion of privacy."  *Id.*

Redaction of the names of federal, state and local law enforcement personnel under similar circumstances routinely is upheld.  *See Lesar v. United States Dep't of Justice*, 636 F.2d 472, 487 (D.C. Cir. 1980) (finding legitimate interest in preserving the identities of government officials where disclosure could subject them to annoyance or harassment in either their official

or private lives). This rationale applies to the names and other identifying information about a law enforcement agency's support personnel, and the FBIHQ's decision to withhold these names amply is supported in case law. *See, e.g., Rugiero v. United States Dep't of Justice*, 257 F.3d 534, 552 (6th Cir. 2000) (concluding that agency properly withheld "identifying information on agents, personnel, and third parties after balancing the privacy interests against public disclosure), *cert. denied*, 534 U.S. 1134 (2002); *Morley v. United States Central Intelligence Agency*, 453 F. Supp. 2d 137, 155 (D.D.C. 2006) (withholding information about CIA employees and other third parties mentioned in records produced during CIA investigation); *Voinche v. Fed. Bureau of Investigation*, 425 F. Supp. 2d 134, 136 (D.D.C. 2006) (withholding name and fax number of FBI employee(s) who handled a report).

c. The Victim's Name

In addition, the FBIHQ withholds the "name of the juvenile who was sexually assaulted at the Agricultural Research Center in Beltsville, Maryland on January 21, 1997." Hardy Decl. ¶ 38. According to the declarant, given the victim's age and the personal nature of the crime, the "FBI identified that the victim has a very strong expectation of privacy which has not been weakened with the passage of time." *Id.* Release of the victim's identity "could subject her to unnecessary, additional humiliation which could constitute an unwarranted invasion of privacy." *Id.*

Disclosure of the names of private individuals mentioned in law enforcement records would serve a significant public interest only where "there is compelling evidence that the agency denying the FOIA request is engaged in illegal activity," and that the information sought "is necessary in order to confirm or refute that evidence." *Davis v. United States Dep't of Justice*,

968 F.2d at 1282.  Plaintiff demonstrates no public interest, compelling or otherwise, to justify disclosure of the victim's name.

Plaintiff raises only one objection to the FBIHQ's decision to withhold these names and telephone numbers under Exemption 7(C).  He asserts that "the names had already been made public at his trial."  Pl.'s Opp'n at 2.  The fact that these individuals' identities were disclosed at a public trial does not diminish their privacy interests.  *See Jones v. Fed. Bureau of Investigation*, 41 F.3d 238, 247 (6th Cir. 1994) (law enforcement employee who chooses or is required to testify does not waive personal privacy); *Lardner v. United States Dep't of Justice*, No. 03-0180, 2005 WL 758267, at *19 (D.D.C. Mar. 31, 2005) (concluding that name of witness who testified at public trial properly was withheld under Exemption 7(C)).

### D.  Segregability

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions.  *Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022 (D.C. Cir. 1999); 5 U.S.C. § 552(b).  The court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof."  *Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1242 n.4 (D.C. Cir. 1991) (quoting *Church of Scientology v. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)).

Having reviewed defendant's declaration and the copies of the records released to plaintiff, the Court concludes that all reasonably segregable material has been released.

## III.  CONCLUSION

The Court concludes that the FBIHQ conducted an adequate search for records responsive to plaintiff's FOIA request, that it properly withheld certain information under Exemptions 2 and 7(C), and that all reasonably segregable material has been released.  The FBIHQ thus establishes that it has fulfilled its obligations under the FOIA.  Accordingly, the Court will grant defendant's motion for summary judgment.  An Order consistent with this Memorandum Opinion will be issued separately.

/s/  
JOHN D. BATES  
United States District Judge

Date:  May 1, 2007